CHEEVES, The LANGDON. See Cases Nos. 8,063 and 8,064.

CHELSEA, The (WILLIAMSBURG FERRY CO. v.). See Case No. 17,747.

---

## Case No. 2,635.

CHEMICAL NAT. BANK v. BAILEY et al.

NELSON v. SAME.

[12 Blatchf. 480;[1] Thomp. Nat. Bank Cas. 260; 21 Int. Rev. Rec. 109.]

Circuit Court, S. D. New York. April 1, 1875.

NATIONAL BANKS IN DEFAULT—INTEREST ON CLAIMS—REMEDY OF DEPOSITOR.

1. Where a national bank is declared in default by the comptroller of the currency, and a receiver of it is appointed by him, under the fiftieth section of the act of June 3, 1864 (13 Stat. 115), and a sufficient fund is realized from

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

its assets to pay all claims against it and leave a surplus, the comptroller ought to allow interest on the claims, during the period of administration, before appropriating the surplus to the stockholders of the bank.

[See, also, Nat. Bank of Commonwealth v. Mechanics' Nat. Bank, 94 U. S. 437.]

2. An action of assumpsit, by the holder of a claim against the bank, to recover such interest, will not lie against the receiver of the bank, or against the comptroller of the currency, but will lie against the bank.

3. In such an action, interest is recoverable upon all demands originating in contracts conditioned for the payment of interest, and on all demands for money due and unpaid, by way of damages for the non-payment, after such demands became due.

4. Interest is recoverable on a balance due a depositor in such bank, although he has made no formal demand of payment.

[At law. Actions by the Chemical National Bank, against Isaac H. Bailey, receiver of the National Bank of the Commonwealth, John Jay Knox, comptroller of the currency, and the National Bank of the Commonwealth, and by Thomas Nelson against the same.]

E. Platt Johnson and Richard M. Henry, for plaintiff.

Edmund H. Smith, Ass't Dist. Atty., for defendants.

WALLACE, District Judge. It is stated by counsel, that these actions are brought to determine whether, when the comptroller of the currency has declared a national bank in default, and appointed a receiver under the provisions of the act under which such banks are organized, and a sufficient fund is realized from the assets to pay all claims against the bank and leave a surplus, the comptroller should, or should not, allow interest on the claims during the period of administration, before appropriating the surplus to the stockholders of the bank. It is to be assumed, from this statement, that the claims in question were due and payable when the comptroller took control of the affairs of the bank. If they were not, of course, no interest should be allowed upon them, except from such time as they may have become due, unless they were for demands conditioned for the payment of interest.

The equity of the creditors to receive interest on their claims for the time during which they have been precluded from receiving their principal, is obvious. On general principles, and by adjudications in point, their right is clear. Interest is allowed not only on strict legal grounds, where there is a contract for the payment of interest, or by way of damages, where there is a wrongful detention of a debt, but upon considerations of equity and natural justice, which always arise where a party is entitled to a payment of money and cannot obtain it, except by resort to a fund created by operation of law, the distribution of which is attended with

delay. It is upon this ground ·that, when, by statute, preference is given to one class of creditors over another, in the distribution of an estate, the preference includes interest on the preferred class of claims. In re Shultz, 11 Serg. & R. 182.

There is nothing in the provisions of the act under which this fund is to be distributed in conflict with this general rule. While the comptroller is not directed, by express terms, to allow interest to creditors, the act contains no language which, in terms, or by implication, prohibits him from doing so. The fiftieth section of the act of June 3, 1864 (13 Stat. 115), authorizes him, on becoming satisfied that an association has made default in the payment of any of its circulating notes, to appoint a receiver of its affairs, and place him in possession of its assets. The receiver is required to pay over all moneys realized from the assets to the treasurer of the United States, subject to the order of the comptroller, and it is the duty of the comptroller, from time to time, to make ratable dividends from such moneys, upon "all such claims as may have been proved to his satisfaction, or adjudicated in a court of competent jurisdiction," and to distribute the remaining proceeds among the stockholders. His position in reference to the distribution of the fund confided to him is analogous to that of an assignee of an insolvent estate, or an administrator of the estate of a deceased person. Where an insolvent law provides that, after the payment of all debts proved, the assignee shall pay any surplus to the debtor, or his legal representatives, the creditors are entitled to interest on their debts during the period of administration, and without regard to the fact whether the debts are those upon contract conditioned for the payment of interest, or not. Brown v. Lamb, 6 Metc. [Mass.] 203; Atlas Bank v. Nahant Bank, 3 Metc. [Mass.] 581. Claims proved to his satisfaction are to be paid by the comptroller, as debts proved against an insolvent are to be paid by his assignee; and, in the one case as in the other, the interest is an incident of the debt or claim, and to be paid before distribution of the surplus.

Thus far the general question of liability for interest has been considered. It remains to consider other questions presented by the record, which are necessary to the proper determination of these actions in the form in which they have been brought. In each action the complaint counts in assumpsit, and a general demurrer has been interposed, alleging that the complaint does not state sufficient facts to constitute a cause of action. The practice of the courts of this state now prevails in actions at law in this court, and, by that practice, judgment may be rendered for or against one or more of several defendants.

It is clear, that this action cannot be maintained against the receiver or the comptroller. The receiver has no control over the assets, except to pay their proceeds to the treasurer of the United States, and would, therefore, not be liable to the plaintiff in any form of action. If an action could be maintained against the comptroller, it would be one to enforce a proper distribution of the fund, and, for this purpose, the action of assumpsit is not an appropriate remedy. As against these defendants, therefore, no cause of action is alleged in the complaint, and, as to them, the demurrer is well taken, and judgment must be ordered in their favor. As against the defendant the National Bank of the Commonwealth, the demurrer must be overruled. The corporation continues to exist for the purpose of being sued, notwithstanding the comptroller has intervened pursuant to the provisions of the act under which it was organized; and demands against it can be prosecuted to adjudication in any court of competent jurisdiction. Bank of Bethel v. Pahquioque Bank, 14 Wall. [81 U. S.] 383. In such an action interest is recoverable upon all demands originating in contracts conditioned for the payment of interest, and on all demands for money due and unpaid, by way of damages for the nonpayment after such demands became due. It is urged, that interest is not recoverable upon debts against the bank, because it has been prevented by law and by superior authority from paying the principal. It is a sufficient answer to this argument to say, that this proposition is not applicable, because the bank, by its own default, subjected itself to the proceedings of the comptroller, and it does not lie with the bank to assert any exemption from liability by reason of its own acts or defaults.

In one of these cases, a portion of the plaintiff's demand is for a balance due upon deposits made in the ordinary way with the bank, and it does not appear that any demand was made for the amount until a long time · after the receiver had taken possession. Ordinarily, an action cannot be maintained by a depositor, against a bank, until a formal demand has been made; and, of course, no interest can be recovered except that arising after the demand. The bringing of an action does not amount to a demand, in such cases. Payne v. Gardiner, 29 N. Y. 146. But, if the bank, by words or conduct, denies the depositor's right to his balance, it becomes presently liable to an action, without formal demand, and interest would be recoverable, as damages. All the facts are set forth in the complaint, which justified and led to the action of the comptroller. The bank, by its default, initiated proceedings which resulted in a transfer of the moneys of its depositors to a receiver, and thus put it out of its own power to pay its depositors, when called upon to do so. A demand, under such circumstances, would have been an idle ceremony. The bank cannot be permitted to say that the depositor should have

made a demand, when, if made, it would have been nugatory and useless. It has been held, that, in cases of insolvency, where a debt is payable on demand, and no special demand is shown, interest is to be computed from the first publication of the proceedings in insolvency. Brown v. Lamb, G Metc. [Mass.] 203. Reason and analogy favor the application of the rule to the present case. Judgment is accordingly ordered for the plaintiff in each action, as against the bank.