CASE, Receiver, *v.* SMALL and others.*

*(Circuit Court, E. D. Louisiana.  July 14, 1881.)*

1. NATIONAL BANK—COMPTROLLER OF THE CURRENCY—REV. ST. § 5234.
    The comptroller of the currency has no power to compound or settle claims of a national bank against its debtors; that requires the authority of the court, under Rev. St. § 5234.  *Quære,* can he direct their discontinuance?

2. NATIONAL BANK—LIABILITY OF STOCKHOLDERS—REV. ST. 5151.
    Under section 5151, Rev. St., owners of stock in a national bank are liable for its debts, and persons who hold themselves out or allow themselves to be held out as owners of stock, are also liable, whether they own stock or not.

*John D. Rouse* and *William Grant,* for complainant.

*Thomas J. Semmes* and *Robert Mott,* for defendant I. K. Small.

PARDEE, C. J.   This is a suit brought by the receiver of the Crescent City National Bank against the defendants to compel the contribution of 70 per cent. on certain 50 shares of the stock of said bank, under the assessment of the comptroller of the currency, by virtue of section 5151, Rev. St.

It seems that, just prior to the failure of the bank, Keenan, one of the defendants, through a broker, sold 50 shares of the stock. They were purchased by I. K. Small, and paid for by him, as he says, for and on account of his sister, Miss E. M. Small, and were transferred on the books of the bank by Keenan to Miss Small.

The plaintiff claims that this transfer, so far as the putting of the stock in the name of Miss Small is concerned, was a sham, a simulation, and that I. K. Small was the real purchaser; that this simulation was resorted to to avoid the liability of stockholders under the laws of the United States.

It is shown that Miss Small resides in Maine; that she was spending the winter here, and was and is of no pecuniary responsibility, and was without means of her own to make the purchase, requiring $1,500; that I. K. Small paid the purchase price, and, so far as it appears, has never been reimbursed.   An examination of the evidence of I. K. Small, taken in a former case, in relation to the same

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

stock, and of his answers filed in this case, leave no other conclusion in my mind than that the interposition of Miss Small was a sham, and that I. K. Small was the real purchaser and owner of the stock. In his first examination his answers were evasive, when if the facts had been in his favor they could, and undoubtedly would, have been clear and responsive. Here is a sample:

*Question.* Has she (your sister) ever reimbursed you for the payment on this stock that you made? *Answer.* Not entirely. No, sir. *Q.* Has she reimbursed you any part of the payment? *A.* Yes, sir. *Q.* How much? *A.* Well, I don't remember that. *Q.* When did she make any such reimbursement? *A.* I think it was in 1874, she gave me something. *Q.* How much? *A.* It was not very much; it was a small amount. *Q.* Was it ten dollars? *A.* More than that. *Q.* Tell us, as near as you can. *A.* Thirty dollars or forty dollars. *Q.* In what manner did she make such reimbursement to you? *A.* In presents.

Again:

*Question.* Now is it not the fact that you bought that stock for yourself, and put it in your sister's name in order to avoid some liability? *Answer.* I bought the stock at that time with her knowledge and consent, and told her of it at the time I bought it. *Q.* Suppose that the bank had not failed, would you have transferred that stock to her, and given her the ownership of it, or would you have considered it as belonging to yourself? *A.* The stock was never transferred at all; it was taken from the broker and given to her; it was never transferred to my knowledge. *Q.* Did you not buy that stock for your own account, and with the intention of speculating in it for your own benefit? *A.* I told the broker at the time that I bought that stock to put it in the name of E. M. Small. Last question repeated. *A.* It is possible I may have enjoyed some benefit from that stock.

In the answer filed to the interrogatories in this case defendant Small is not so evasive, but he is by no means as candid as he might have been if the actual facts would have warranted. And now, in his answer, he admits to an ownership of one-seventh, which was in nowise hinted at in the first evidence.

In defence it is first urged that the transaction was *bona fide*, and that Miss Small was the real purchaser and owner of the stock. The facts are against this defence.

Next, that I. K. Small, knowing that the bank was in failing circumstances, had a right to donate the money to his sister, and with it purchase the stock and put it in her name.

This is a doubtful proposition, but conceding it, for this case, the facts will not bear out this defence. In the evidence given by Small, above quoted, the purchase was for account of his sister, and she had reimbursed him in part of the purchase price; and, besides, no such

defence is pleaded. Then it is urged, as well as pleaded, that the letter of recent date from the comptroller of the currency to Robert Mott, Esq., stating that a final dividend to the creditors of the Crescent City National Bank had been declared, and was now payable on signing receipt and returning certificate of indebtedness, operated in abatement of this suit. I find no authority for this position. The statutes give the comptroller no such authority to so inferentially stop suits. Perhaps he might direct the receiver to discontinue, but to compound and settle claims requires the authority of the court. Rev. St. § 5234. To discontinue the direction should be positive.

And, finally, it is argued that under section 5151, Rev. St., no person can be made liable unless at some time or other he has been a stockholder of record, and been held out to the world as such. The law seems to be settled now that the owners of stock are liable under that section.

At the same time, those persons who hold themselves or allow themselves to be held out as owners of stock, are liable whether they own stock or not. It would seem that the rules relating to the ownership of national bank stock are about the same as apply to partnerships. Real partners are liable though not publicly known as partners, and persons who allow themselves to be held out as partners are liable though they have no real interest.

The case of *Davis* v. *Stevens*, decided by Chief Justice Waite, 17 Blatchf. 259, is a case directly in point. See, also, *National Bank* v. *Case*, 99 U. S. 628.

Let the accompanying decree for complainant be entered:

### DECREE.

This cause came on to be tried at this term as to the defendant I. K. Small, and was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows, viz. :

That said defendant I. K. Small was, at the time of the failure of the Crescent City National Bank, on the fourteenth day of March, 1873, the owner of 50 shares of the capital stock of said bank, of the par value of $100 each, then registered and standing on the books of said bank in the name of E. M. Small. And it is further ordered and decreed that said Frank F. Case, in his capacity as receiver of said Crescent City National Bank of New Orleans, do have and recover from the defendant I. K. Small, as owner of said shares, 70 per centum of the par value thereof, to-wit, the sum of $3,500. And it is further ordered, adjudged, and decreed that said defendant pay the

costs of this suit to be taxed. And it is further ordered, adjudged, and decreed that complainant have execution against said defendant to enforce the payment of the sum so decreed to be paid and costs.

NOTE. A receiver, appointed under the provisions of this act, may compromise doubtful debts " on the order of a court of record of competent jurisdiction." *In re Platt,* 1 Ben. 534; and see, generally, *Kennedy* v. *Gibson,* 8 Wall. 498; *Bank of Bethel* v. *Pahquioque Bank,* 14 Wall. 383; *Bank* v. *Kennedy,* 16 Wall. 19; *Chemical Nat. Bank* v. *Bailey,* 12 Blatchf. 480; *Cadle* v. *Baker,* 20 Wall. 650; *Harvey* v. *Lord,* 10 FED. REP. 236; *Fifth Nat. Bank* v. *Pittsburgh & C. S. R. Co.* 1 FED. REP. 190. The liability of stockholders of a national bank for its debts is several and not joint. *Nat. Bank* v. *Knox,* 2 Morr. Trans. 248. It is that of principals, not of sureties. *Hobart* v. *Johnson,* 8 FED. REP. 493.—[ED.