# Clark v. Ogilvie, &c.

### APPEAL FROM GARRARD CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND. PLAINTIFF APPEALS. AFFIRMED.

GUARDIAN AND WARD—LIABILITY OF A STOCKHOLDER IN NATIONAL BANK—LIMITATION OF ACTION.

Held: 1. Under Revised Statutes United States, section 5152, where a guardian, as such, owns stock in a national bank, neither he nor his ward is subject to any personal liability as stockholder, but only the estate of the ward in his hands is liable.

2. A judgment in favor of the receiver of an insolvent national bank against a guardian for the amount of an assessment upon shareholders to pay debts, upon which execution was directed to issue, to be levied of the estate of the wards, was not a personal judgment against the wards, and can not be enforced against estate subsequently inherited by them, and which never came to the hands of the guardian.

3. The rendition of such a judgment did not stop the running of the statute of limitations in favor of the wards, even if they were personally liable, and an. action to now enforce their personal liability is barred by the statute, more than seven years having elapsed since the cause of action accrued; and, even though the judgment could be construed as a personal one, yet if it was obtained by fraud, or was rendered without service of process, it would be equivalent to no judgment, and the statute would apply.

4. A judgment of a court of general jurisdiction of a sister State may be collaterally attacked on the ground that it was procured by fraud, by having a false return of service made on the summons, when in fact defendants had not been served with process.

R. H. TOMLINSON, ATTORNEY FOR APPELLANT.

The appellees, Woods and Susie Ogilvie, were the children and only heirs of —— Ogilvie, deceased, who died in Tennessee. The appellant, Clark, as receiver of the Second National Bank of Columbia, Tenn., filed a suit in the chancery court of Maury county, Tennessee, on thirty-five shares of stock held in said bank by the father of appellees, under an assessment made by

the comptroller of currency at Washington, D. C., of the par value of said stock to be paid July 28, 1893, and judgment was obtained for $3,767 on November 7, 1894. Of this judgment there was paid from the proceeds of sale of some lots in Tennessee $2,446, leaving balance due of $2,338. To collect this balance, suit was instituted in the Garrard circuit court of Kentucky, August 10, 1899, to subject property belonging to appellees in Kentucky. To this petition appellees filed demurrer which was overruled; they then filed answer to which plaintiff filed demurrer which was sustained; then appellees filed amended answer setting up that appellees had no property in the State of Kentucky inherited from their father and the court overruled the demurrer to this answer as amended.

The Tennessee judgment is in full force and unappealed from and is a personal judgment against the appellees and we contend it is now too late to raise the question of limited or restricted liability of the appellees.

### AUTHORITIES CITED.

Rogers v. Rogers, 15 B. M., 379; Limitation—Reid v. Chillison, 16 N. Y. S., 744; Fitzimmerer v. Johnston, 17 S. E. Rep., 100 (Tenn.); Fraud—Byrne v. Sinnett, 13 Ky. Law Rep., 831; Mooney v. Hinds, Supreme Court of Mass., 36 N. E. Rep., 484; Christmas v. Russell, 5 Wall., 290; Constitution of United States, Art. 4, sec. 1; Maxwell v. Stuart, 22 Wall., 77-81; Hanly v. Donyhue, 116 U. S., 1, 4; Simmons v. Soul, 138 U. S., 439-459 Supp. Ct.; Elliott v. McCormack, 144 Mass., 10; 10 North Eastern Reporter, 705; Broderick v. Well, 21 Wall., 503; Ambler v. Whipple, 28 N. E. Rep., 845; Cox v. Barnes, N. E. Rep., 394; Judgment Conclusive—Sammis v. Wightman (Fla.), 12 So. Rep., 526; Packer v. Thompson (Neb.), 41 N. W. Rep., 650; 25 Nebraska, 688; Lance v. Dugan (Pa.), 13 Atl. Rep., 942; Liability of Stockholders—Revised Statutes of United States, sec. 511; Withers v. Souler, 36 Fed. Rep., 767; Black & Mann v. Woodward, 71 Fed. Rep., 321; Kenny v. Gibson, 8 Wall., 498; Withers v. Soulis, 32 Fed. Rep., 767; Baily v. Sanger, 1 N. B. C., 356; Case Receiver v. Small, &c., 10 Fed. Rep., 722; Blackman v. Woodward, 17 Fed. Rep., 402.

WM. HERNDON, ATTORNEY FOR APPELLEES.

In the original suit brought in Tennessee, the complainant alleged "the right to have and recover of the *estate* of Woods and Susie Ogilvie in the hands of their guardian, W. W. Ogilvie, the amount of the assessment on the par value of thirty-five shares of stock in the National Bank of Columbia, which

was in the hands of the receiver, said thirty-five shares being in the hands of W. W. Ogilvie as guardian for appellees. Judgment was rendered and execution issued and levied upon certain lots in Nashville which were sold and the proceeds credited on the judgment and the execution returned without any statement that there was no other property in the State of Tennessee out of which to make the residue. The petition in this case does not allege that the Tennessee property was exhausted, which we think necessary. Our contention is:

1. Complainant did not seek, in the Tennessee court a personal judgment against the infant appellees.
2. The complainant did not authorize a personal judgment against appellees.
3. The court did not intend to render and did not, in fact, render, a personal judgment against the appellees.
4. Conceding, however, that this contention is not correct, still we say that there was, and is, no personal judgment against the appellees, and that what purports to be such judgment is void.
5. Conceding all this, however, the petition in this case is fatally defective.

Section 5152 of the United States Revised Statutes, under which these questions arise, is as follows:

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liability as stockholders; but the estate and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust fund would be if living and competent to act and hold the stock in his own name."

The Tennessee judgment is not well pleaded in this case.

The appellees were not served with process in the Tennessee court. Woods Ogilvie alleges that no summons or other process was ever executed on him or a copy delivered or read to him, and that the return showing said service is a mistake or false return of the sheriff and was procured by the fraud of the plaintiff.

We claim that the Tennessee judgment can be collaterally attacked.

The appellees were not shareholders in the capital stock of said national bank in the meaning of the Federal statute.

The property owned by appellees in Kentucky was not inherited from their father, but from their maternal grandmother, and is clearly not subject to this Tennessee judgment or the original debt for which it was rendered.

Plaintiff's demurrer to defendant's answer was properly over-
ruled and plaintiff declining to plead further, judgment was
rendered for appellees.

### AUTHORITIES CITED.

Sec. 5152 U. S. Rev. Stats.; 75 Fed, Rep., 797, Foster v. Chase;
32 Fed. Rep., 130, p. 137, Witters v. Cowles; Code, sec. 120
and 128; 11 Am. & Eng. Ency. of Plead. and Prac., 1143-4; 2
West L. M., 315, O. Cox v. Farley; 2 Wkly. Gaz., 2, Renniman
v. Dean; 2 Disney, 210, Judd v. Dean; 1 Am. Law Rec. (O.),
257, Fordyce v. Marks; 2 Am. Law Rec., 392; 110 Ind., 42, Beck-
nel v. Becknel; 55 Ind., 584, Wilson v. Vance; 80 Ky., 370, Green
v. Page; 14 B. M., 86, Hill v. Barret; 3 Am. & Eng. Ency. of
Plead. and Prac., 362 and note 4; Tennessee Code, secs.
2243, 2489; 1 J. J. Marshall, 303, Violet v. Waters; 78 Ky.,
627, Wood v. Wood; 70 Vt., 637; 41 Atl., 583, Wood v. Augus-
tines.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The father of Woods and Susie Ogilvie, while they were
yet infants, owned 35 shares of the capital stock of the
Second National Bank of Columbia, Tenn. He died, while
owning the stock, intestate, and W. W. Ogilvie was appoint-
ed as his administrator, and subsequently as the guardian
of the two infants named. In addition to the bank stock,
the two infants inherited from their father certain lots of
land in Nashville, Tenn., which seems to have been practic-
ally all of their estate so derived. After the qualification
of the guardian, who took and held the title to the shares
of the bank stock for his wards, he having taken it as
such in specie upon the settlement of the estate of their
father, the bank failed, and the comptroller of currency
took charge of its affairs, and appointed a receiver for it.
Thereafter the comptroller determined and adjudged that
an assessment of 100 per cent. be made against all the
stockholders of the bank to cover its contract liabilities,
and directed suit to be brought by the receiver where neces-
sary. Thereupon the receiver brought an action in the
chancery court of Maury county, Tenn., against W. W.

Ogilvie, guardian of Woods and Susie Ogilvie, and Woods Ogilvie and Susie Ogilvie. In his bill of complaint, after reciting the incorporation of the bank, its failure, and his appointment, the assessment, and the comptroller's directions, he pleaded: "Complainant states and shows unto your honor that defendant, W. W. Ogilvie, as guardian of Woods and Susie Ogilvie, was a share-holder of the capital stock of said bank, owning and holding thirty-five shares of said stock, of the par value of $100.00 per share, amounting to the sum of $3,500.00. . . . Defendant has wholly failed and refused to pay to complainant any part of said assessment, and all of the same is past due, owing and unpaid to complainant as such receiver, together with interest thereon at the rate of six per cent. per annum from July 28 1893. . . . Complainant states and shows unto your honor that defendants, Woods Ogilvie and Susie Ogilvie, are minors, and defendant, W. W. Ogilvie, is their regular guardian. The said Woods and Susie Ogilvie own an estate, both real and personal, which is under the control and guardianship of defendant W. W. Ogilvie, as their regular guardian. Complainant charges he has the right to have and recover of the estate of Woods and Susie Ogilvie in the hands of said guardian, said assessment, and to this end to have the estate in the hands [of the] guardian applied to the payment thereof; . . . that upon the hearing your honor will render judgment against defendants, and in favor of complainant, for the full amount of said assessment, and interest thereon, and award execution thereof," etc. The guardian filed answer, admitting the averments of the complaint, and asked the judgment of the court as to whether he and the wards' estate were liable on the facts admitted.

The record shows by the return of the sheriff, that summons had been served upon the infants; and on the 7th of November, 1894, the court rendered a judgment as follows: "This day this cause come on further to be heard before Chancellor Abernathy upon the bill of complaint and the answer of defendants, upon consideration of which it appears to the court that defendant, W. W. Ogilvie, as guardian of defendants, Woods and Susie Ogilvie, held thirty-five shares of the capital stock of the Second National Bank of Columbia, Tennessee, at the par value of $100.00 per share, amounting in all to the sum of $3,500.00. It further appears that said bank became insolvent, and that complainant was legally appointed receiver of said bank by the comptroller of the currency at Washington, D. C., and that the comptroller, pursuant to law, made an assessment upon the shareholders of said bank of one hundred per cent. of the par value of said stock, to be paid July 28, 1893; and it appears that defendants have not paid any part of said assessment, and that the same, with interest since July 28, 1893, is past due, owing, and unpaid. The court is of opinion that complainant, as such receiver, is entitled to recover of defendant, W. W. Ogilvie, as guardian of defendants, Woods and Susie Ogilvie, said sum of $3,500.00, and the further sum of $267.00 interest thereon, making in all the sum of $3,767.00 to be paid out of the estate of the said Woods Ogilvie and Susie Ogilvie, and doth so adjudge and decree. It is therefore considered by the court that the complainant have and recover of defendants said sum of $3,767.00, and the costs of this cause, for which let execution issue, to be levied of the goods and chattels , lands and tenements, of said Woods Ogilvie and Susie Ogilvie; all of which the court adjudges and decrees."

Execution issued upon this judgment, directed to be

made of the estate of Woods and Susie Ogilvie, and was
levied upon the lots of land in Nashville which they had
inherited from their father. These lots were sold, and
brought about $2,500, leaving a balance due, as claimed
by the receiver, of $2,338.90. Thereafter it appears that
the maternal grandfather of Woods and Susie Ogilvie died
intestate in Garrard county, Ky., by reason of which an
inheritance was cast upon them of certain real estate sit-
uated there. Since the proceedings above mentioned in
Tennessee, they have both arrived at full age, and this
action was brought in the Garrard circuit court by the
receiver against them to have enforced the judgment above
quoted, that it may be levied on the estate in Kentucky.
Defendants filed answer, denying that the judgment ren-
dered in chancery court in Tennessee was in fact, or in-
tended to be, against them personally; that the court had
not jurisdiction of their persons; that the matter submitted
by the pleadings and in issue in said action was not the
question of their personal liability; that in fact they were
never served with process, and that the return of the
officer reciting that fact was either his mistake, or was
false, and therefore fraudulent; that the answer filed by
their guardian, in so far as it purported to be for them,
was without authority from them, and was in fraud of
their rights, because, he being personally liable to them
under certain statutes of Tennessee for failing to sell
this stock as administrator, and having taken it over to
himself as guardian and held it until the bank became
insolvent, such action was a violation of his trust, and,
in so far as he sought to have their rights adjudicated
by his action in the Tennessee court, it was an effort to
shield himself from his own wrong by subjecting them
and their property to the satisfaction of the loss. De-

fendants also pleaded the statutes of limitations, both
of Tennessee and Kentucky, in bar of the right of re-
covery, relying on the seven years' statute of Tennessee,
and five years' statute of Kentucky.    A demurrer was
filed to this answer, and overruled.  The plaintiff declin-
ing to reply, the court dismissed his petition, and he has
appealed.

The liability of appellees was fixed by section 5152, U.
S. Rev. St., which is as follows: "Persons holding stock
as executors, administrators, guardians or trustees shall
not be personally subject to any liability as stockholders;
but the estate and funds in their hands shall be liable
in like manner, and to the same extent, as the testator,
intestate, ward or person interested in said trust fund
would be if living and competent to act and hold the
stock in his own name." It will be observed that in fix-
ing the liability of stockholders in national banks, so far
as the persons beneficially owning stock may be under
the legal disability of infancy are concerned, as well as
instances where the stock is held by executors, adminis-
trators or other trustees, it is the estate, and not the
person, that is made liable for assessment. It will be
noticed that neither the executor, guardian, nor trustee
is personally liable, although the legal title to the
stock may be held by them.    This is an excep-
tion to the general provision  contained in the pre-
ceding sections of the statute.  Then, in fixing what is
liable, the Congress has provided that, instead of these
trustees personally, it is "the estate and funds in their
hands."  Whether the guardian in this instance held the
title to the real estate in Tennessee is not made clear, nor
do we deem it necessary to determine.  It may be fairly
assumed, however, that the custody and control of all

the Tennessee estate owned by the infants was in their guardian, and that all of that estate, from whatever source derived, was liable to the assessment made against this stockholder by the comptroller of currency for the debts of this bank. Such, indeed, seems to have been the extent of the claim of the receiver in his suit in the Tennessee chancery court, and such is the fairly-expressed view of the chancellor, as shown by the language of the judgment. It is not shown, nor is it contended, that the Tennessee guardian ever had either the control or custody or title to any of the property in Kentucky now sought to be subjected.

We conclude, therefore, that the judgment sued on in this case (the one above quoted) was not a personal judgment against Woods and Susie Ogilvie, but was a judgment against their guardian and their estate in his hands. Such was the only judgment that the court was authorized to render, either under the pleadings and issue joined, or under the statute relied on.

The infants could not bind themselves, by contract or otherwise, as stockholders of the bank, nor could their father have bound them, had he intended to do so, by having this stock conveyed to them directly. Foster v. Chase (C. C.), 75 Fed. Rep., 797; Witters v. Sowles (C. C.), 32 Fed. Rep., 130-137. If the judgment declared on in this case was a personal judgment against appellees, and was fraudulently obtained, or was rendered without the service of process upon them, or if it was not a personal judgment against them, and this action may be considered as an effort upon the part of the receiver to now enforce their personal liability, assuming that they might be personally liable under the statute quoted, yet the plea of limitation interposed by appellees would be good; for if it was not a

personal judgment, and this is an original action to make them personally liable, more than seven years has elapsed since the accruing of the action, on July 28, 1893, until the institution of this suit. On the other hand, if it could be construed as a personal judgment, and the court had not jurisdiction to render it, or it was procured by fraud, or without service of process, it is equivalent to no judgment, and the statute would apply.

It is argued for appellant that, if this could be construed as a personal judgment, appellees and this court are alike bound by it, because we are required, under the Federal statute and Constitution, to give full faith and credit to the judgments of the tribunals of other States of the Union. In Wood v. Wood, 78 Ky., 625, we had under consideration this section of the Constitution, and we there said of a judgment by one of the Tennessee courts: "But whether it be treated as a foreign judgment, or as the judgment of a court of general jurisdiction rendered in a sister State, and therefore coming within the constitutional provision and the act of Congress in regard to the faith and credit to be given such judgments, is immaterial, as it is now held, both by the State and Federal courts, that judgments of either character may be collaterally attacked for want of jurisdiction of the subject-matter or of the person, regardless of the recitals in the judgment or record," citing authorities.

Adhering to that rule, the averments of the answer negativing the service, and alleging the fraud in procuring, by having false return made on the summons, if true, are good as defenses against it. In this record they stand as admitted to be true.

For the reasons indicated, the judgment appealed from is affirmed.