## MILLER v. VAN ZANDT.
### No. 6983.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1933.

Rehearing Denied Jan. 13, 1934.

902

William R. Watkins, of Fort Worth, Tex., for appellant.

Jewel P. Lightfoot and Nelson Scurlock, both of Fort Worth, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The receiver of Texas National Bank of Fort Worth recovered against Miller a judgment based on the stockholders' liability on stock in the bank standing at the time the bank closed and for five years before in the name of a minor niece of Miller. The facts found by the court sitting as jury are that the bank president, Samuels, sought to sell some of his stock to Miller, who said "he did not want any bank stock but that he had some minor nephews and nieces he would like to give some stock to." Miller paid for 16 shares and directed that it be issued in the names of the four minor donees, but Samuels lost the names and caused a single certificate to be issued in the name of Miller without his knowledge or consent. Two months later Miller learned of it and immediately ordered it transferred to the minors, and to accomplish this he indorsed the certificate. The bank was solvent and the transactions bona fide. All dividends went to the minors.

This case is not like Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038, where Mrs. Vreeland did not contract or pay for the stock which was put in her name; and in indorsing the certificate she did not understand that she was transferring anything she owned but intended merely to correct a mistake which had been made. Here Miller contracted for the stock and paid for it, saying he wished to give the stock to his nieces and nephews. He did not give them money, and then undertake to invest the money for them in stock, but he intended to give them stock without his name appearing on the bank's books. Had his instructions to this effect been carried out, he would nonetheless have been liable to assessment according to Early v. Richardson, 280 U. S. 496, 50 S. Ct. 176, 177, 74 L. Ed. 575, 69 A. L. R. 658. It is there said: "The real question is whether the intent of Richardson to buy the stock for his minor children, and the fact that by his direction the transfer was made to them upon the books of the bank and certificates issued in their names, had the effect of relieving Richardson from liability. We think not, since the transferees, being minors, were without legal capacity to assume the obligation. * * * Richardson, having bought with his own money, became the owner of the stock. And although the purchase was made with the intent of giving the stock to his children, non constat that he would not change his mind, as he was perfectly free to do." So here. When Samuels issued the stock to Miller and Miller indorsed the certificate and had the stock divided among his nieces and nephews and certificates issued to them, there was only a full expression of the real substance of the transaction contemplated from the beginning. Samuels was not selling stock to the minors, but to Miller, and Miller was giving the stock to them. Because they could not, during minority, assume the stockholders' liability, it remained with Miller.

Judgment affirmed.