## Hoffman, Receiver, v. Lohr

*C. F. Uhl*, for plaintiff.

*Shaver & Heckman*, for defendant.

Boose, P. J., September 4, 1937.—This is an interpleader action to determine title to and right of possession of a certain fund paid into court.

Under the undisputed facts, the single question involved is this: Where bank stock is left by will or

descends to an infant, is the estate of such minor in the hands of the guardian liable for the assessment? It has been held in many cases that an infant does not have the necessary legal capacity to become a stockholder in a National bank and is not personally liable for assessment on stock standing in his name or in the name of a guardian: Foster v. Chase et al., 75 Fed. 797; Foster v. Wilson et al., 75 Fed. 797; Aldrich v. Bingham, 131 Fed. 363; Riley v. Bondi, 64 F.(2d) 515; Miller v. Van Zandt, 67 F.(2d) 901; Early v. Richardson, 280 U. S. 496, 74 L. Ed. 575; Kerr, Receiver, v. Urie, 86 Md. 72, 37 Atl. 789. But it has also been held that where the stock is left by will or descends to a minor, the estate in the hands of the guardian is liable for the assessment: Foster v. Chase et al., supra; Clark v. Ogilvie et al., 111 Ky. 181, 63 S. W. 429; Fitzpatrick's Guardian v. First National Bank of Whiteburg's Receiver, 256 Ky. 93, 75 S. W. (2d) 754. There is no personal liability upon the minor for the assessment except to the extent that such estate has come into the hands of his guardian. The power of a guardian to hold stock in a National bank is recognized by the terms of the Federal law pertaining to responsibility of shareholders for double liability. 12 U. S. C. §66, Revised Statutes, sec. 5152, is as follows:

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

It necessarily follows that the share of bank stock bequeathed to the defendant by her father, and which came into the hands of The County Trust Company as her guardian, did not impose any liability upon said guardian for the payment of the assessment; but the said share of stock or funds derived therefrom (now the

fund in court) is liable in the same manner and to the same extent as if her testator were still living.

### Order

Now, September 4, 1937, the rules to show cause why a new trial should not be granted, or judgment non obstante veredicto should not be entered, are discharged; and judgment is directed to be entered for the plaintiff on the verdict upon payment of the jury fee.