### KEYES v. AMERICAN LIFE & ACCIDENT INS. CO., and four other cases.

Nos. 1353, 1359, 1360, 1362, 1383.

District Court, W. D. Kentucky.

Aug. 17, 1932.

Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Edw. G. Klemm, of Louisville, Ky., for defendant American Life & Accident Ins. Co.

W. W. Thum and Perry B. Miller, both of Louisville, Ky., for defendants Hattie B. Speed and Jennie L. Robbins.

Simmons & Barker, of Louisville, Ky., for defendant Harvey M. Graybill.

David R. Castleman and Selligman, Selligman & Goldsmith, all of Louisville, Ky., for defendant Joseph S. Laurent.

ANDREW M. J. COCHRAN, District Judge.

These are five actions at law brought by the plaintiff to recover assessments made by him on the stockholders of the National Bank of Kentucky to pay the debts thereof. The assessment is to the full extent of the par value of the stock. They have been submitted to me for trial and judgment. The question in them is as to whether the several defendants are subject to the assessment. The National Bank of Kentucky and the Louisville Trust Company had merged by the stockholders of the former exchanging 30 per cent. of their stock with the stockholders of the latter for 70 per cent. of theirs. There-

by the stockholders in the one became stockholders in the other, and vice versa. Thereupon the stockholders in each placed their stock in the name and legal ownership of six trustees to hold for their benefit under the terms of a trust agreement, the terms of which need not be set forth, and the trustees issued to them negotiable trust certificates, designated "Trustees Participation Certificates." Each certificate represented 70 per cent. of the stock of the National Bank of Kentucky, and 30 per cent. of the stock of the Louisville Trust Company. The assessment made is only to the extent of 70 per cent. of the stock represented by them. The trustees were empowered to vote the stock in each institution subject to the control of the certificate holders, and they were to collect the dividends and distribute them amongst those holders. The defendants claim that the trust so created was an active trust, and in the disposition of the case it will be accepted that such was the case. The Banco Kentucky Company, whose receiver is sued in the last of the five cases, was not an original stockholder of the National Bank of Kentucky. It became interested in its stock by purchasing trustees' participation certificates from the holders, giving in exchange therefor stock in it. It thereby acquired and held at the time of the failure about 95 per cent. of such certificates. The ground upon which it is claimed on behalf of all five defendants that they are not subject to the assessment is that the case is covered by section 66, title 12, USCA which is in these words: "Persons holding stock as executors, administrators, * * * or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The defendants contend that the effect of the provision that the trust estate in the hands of a trustee shall be liable to assessment is to relieve the beneficiary of any liability thereto. The effect of this contention here is that no person or fund is liable to assessment. The trustees and the beneficiaries are not liable, and there is no fund to be assessed. The whole estate consists of the stock in the bank, and that has no value. I cannot accept this contention. The object of that section was to make provision that the trustee should not be personally liable to assessment. It was pertinent to go further and provide that the trust estate in his hands should be liable to assessment. The beneficiary of the trust was not had in view. It was not expressly provided that he should not be liable to assessment, nor is any implication to be drawn in what was provided as to the trust estate that he was not to be liable. The matter of his liability was left to be determined under sections 63 and 64 (12 USCA). It is well settled, as much as it is possible, that the actual and real owner of stock of a national bank is liable to assessment, whether his name appears on the books as owner or not. Where such stock is held by one in trust for another, such other is the actual and real owner. There is no room to question this. The beneficial owner is the actual and real owner. If there are any limitations upon the liability of a beneficiary of a trust in such stock when created by another, and I do not say that there are any, it is impossible for there to be any limitation where the trust therein has been created by the beneficiary himself. It is unthinkable that a legal owner of such stock can relieve himself of liability by the device of transferring it to another for his benefit. In such case he is as much the actual and real owner as he was before the transfer. It makes no difference that the trust created is an active trust. The difference in the nature of the trust makes no difference in the actual and real ownership. Nor is it of any consequence that the Banco Kentucky Company never owned in any way any stock in the National Bank of Kentucky, and that it acquired its equitable interest therein by purchase of trustees' participation certificates from those who had been such owners and taken them in substitution for their stock. Upon the acquisition of such stock, that company became the beneficial, and hence the actual and real, owner thereof, and hence subject to assessment. I do not find it necessary to survey the authorities cited as bearing on the question involved here. Not a one of them is against any position I have taken, and I am willing for it to stand on its reasonableness.

It is to be noted that the trustee agreement expressly provided as follows: "Each owner of a Trustees Participation Certificate issued hereunder shall be subject to the same liability thereon as he would have been subject to in case he had been the owner of such proportionate part of the shares held by the Trustees in any corporation as the number of shares called for by his Trustees Participation Certificates bears to the whole number of shares covered by all outstanding Trustees

514

Participation Certificates; and to such extent he shall indemnify and hold harmless the Trustees owning such stock from any loss or liability on account of being the holders or owners thereof. The measure of liability assumed hereunder shall be the same as that provided by law with reference to the holders of stock in any particular corporation in which the Trustees may hold stock as is provided by law with reference to the holders of such stock and no more."

A special defense is urged on behalf of the defendant American Life & Accident Company, to the effect that the acquisition of trustees' participation certificates by it, which is an insurance company organized under the laws of Kentucky, was ultra vires, and hence it is not liable to an assessment on account of their ownership of such certificates. It acquired it for stock which it held in the National Bank of Kentucky. Section 625, Kentucky Statutes, provides that: "The capital stock and accumulations of all insurance companies may be invested * * * in the stocks of * * * national banks of this state and other states of the United States." It is not important to determine whether this statute authorized it to exchange its stock in the National Bank of Kentucky for such certificates. If it did not, it still owns its stock there and is liable for assessment on account thereof. Such assessment would be greater than has been made on account of its ownership of the certificates.

The plaintiff is entitled to judgment in each case.