**CRONKLETON v. JONES et al. (three cases).**
**Nos. 134–136.**

District Court, D. Nebraska, Hastings Division.
Dec. 30, 1932.

Section 25 of the will, referred to in the opinion, is as follows:

"I give and bequeath to my executors and their successors in trust one hundred (100) shares of the capital stock of the First National Bank of Hastings, Nebraska, in trust, to collect and receive the dividends and income therefrom and to pay the income and dividends therefrom annually, or at the time they shall be declared or received, to Mrs. Gertrude Touzlin Clarke, my daughter-in-law, of Manilla, P. I., during her natural life, and at the time of the death of said Mrs. Gertrude Touzlin Clarke I give and bequeath said one hundred (100) shares of the capital stock of the First National Bank of Hastings, Nebraska, and the accrued accumulations therefrom to the issue of her body by William H. Clarke, and in the event of default of such issue, I give and devise said stock and the accrued accumulations therefrom at said time to William H. Clarke, if living, and in the event that said William H. Clarke shall be at said time deceased, I give and bequeath said stock and its accumulations to the heirs, at law of William H. Clarke, deceased, and direct my said executors or their successors in trust to convey, transfer, deliver and pay the same as herein directed and provided."

R. O. Canaday, of Hastings, Neb., and L. A. Flansburg, of Lincoln, Neb., for plaintiff.

F. A. Brogan and Barton H. Kuhns, both of Omaha, Neb., and Stiner & Boslaugh, of Hastings, Neb., for defendants.

MUNGER, District Judge.

In 1919, the certificate for the 100 shares of bank stock, which had stood in the name of the testator, A. L. Clarke, was surrendered to the bank by the executors and a new certificate was issued in its stead to the same persons as trustees under section 25 of the will. This was done pursuant to an order of the probate court. This certificate has since been held by the trustees, or their successors in the trust.

Many years before the assessment made by the Comptroller of the Currency, the estate of the testator had been fully administered. The same trustees who held the certificate of stock have executed other trusts provided by the will. 12 U. S. Code § 66 (12 USCA § 66), relating to liability for an assessment on bank stock is as follows: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The will discloses the purpose of the testator to create a number of separate trusts each to be managed independently. Neither the fact that they were established by the same grantor, nor the fact that they were to be managed by the same trustees is of importance. If the testator had devised a farm in trust for the benefit of A and B, and had bequeathed a mercantile business in trust for the benefit of C and D, it would seem obvious that the trusts were distinct and that each should bear its own risks of continued operation. An examination of the character of the trusts established by the testator shows that each trust was distinct, and the property of the several trusts could not lawfully be mingled, the property of one could not be held for the taxes, expenses, or debts of another, and the profits or losses of each trust should be credited or charged to its own corpus.

It is not the purpose of the statute, which has been quoted, to take the property of one who was not a stockholder for the debt of the stockholder. The "estate and funds" in the hands of the trustee, are the property and assets belonging to the particular trust to which the bank stock belonged. Applying this rule, the trust created in section 25 of the will was substantially identical with the trust created in that part of section 27 which reads as follows:

"I give, devise and bequeath to my executors and their successors in trust all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated of which I may die seized or possessed, or to which I may be entitled at the time of my decease, in trust, to divide the same into eight (8) equal parts, and for this purpose and to accomplish this end my executors named herein may sell and convey and are hereby empowered and authorized to sell and convey any part or all of the residue of my estate, if it can be done without material loss and injury thereto, and * * *

"To hold and invest one-eighth (⅛) thereof, to collect and receive the interest, income and accumulation therefrom and to annually pay the interest, income and accumulation therefrom to Mrs. Gertrude Touzlin Clarke, my daughter-in-law, of Manilla, P. I., during the period of her natural life, and at the time of the death of said Mrs. Gertrude Touzlin Clarke, I give, devise and bequeath said one-eighth (⅛) of the said residue of my estate, and the accrued accumulation therefrom, to the issue of her body by William H. Clarke, and in the event of default of such issue I give, devise and bequeath said one-eighth (⅛) of the said residue of my estate and the accrued accumulations therefrom to said William H. Clarke, if living, and in the event the said William H. Clarke shall be at said time deceased, I give, devise and bequeath said one-eighth of the said residue of my estate and its accumulations to the heirs at law of said William H. Clarke, deceased, and direct my executors or their successors in trust to pay, transfer, convey and deliver the same as herein directed and provided."

The receiver is entitled to a judgment against the trustees in this case, not personally, but as trustees, to be satisfied out of the trust funds in their possession under both section 25 of the will of Alonzo L. Clarke and of the portion of section 27 which has been quoted, with interest as prayed. Bowden v. Johnson, 107 U. S. 251, 2 S. Ct. 246, 27 L. Ed. 386.