## EARLY, RECEIVER, *v.* RICHARDSON.

No. 133. Argued January 21, 22, 1930.—Decided February 24, 1930.

*Mr. R. E. Whiting,* with whom *Mr. D. E. Ellerbe* was on the brief, for Early.

*Mr. A. C. Hinds,* with whom *Mr. H. E. Davis* was on the brief, for Richardson.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The court below has certified to this court the following question of law upon which instruction is desired:

"Is one, who purchases shares of stock of a national bank, liable for an assessment subsequently imposed by the Comptroller of the Currency upon the stock for the benefit of the creditors of the bank after the insolvency thereof, when it appears that the purchaser bought the stock from the registered holder thereof and received a certificate therefor endorsed in blank by the holder, with

intent at the time of such purchase and delivery of giving the stock to his minor child, but without knowledge at that time of the failing condition of the bank, or intent to avoid the stockholder's liability, and when, after the acceptance of the endorsed certificate from the seller, and before the insolvency, the purchaser with like knowledge and intent, promptly presents the certificate to the bank, causes the shares to be registered and a new certificate to be issued in the child's name?"

The suit was brought to recover the amount of an assessment upon nineteen shares of the capital stock of the bank ordered by the Comptroller of the Currency because the assets of the bank were insufficient to pay creditors. Richardson had purchased the stock and received three certificates therefor endorsed in blank by the seller. He delivered these certificates to the bank with verbal instructions to register the stock and issue two new certificates for sixteen shares in the name of his minor son, and another one for three shares in the name of his minor daughter. This was done, the new certificates being retained in the custody of the bank.

When Richardson bought the stock and received the certificates therefor, endorsed by the seller, title passed and the transfer was complete as between the parties. *Johnston* v. *Laflin,* 103 U. S. 800, 804. Thereupon, as between seller and purchaser, the purchaser alone became liable for any assessment thereafter imposed; for, as between them, it would be in disregard of all equitable principles to continue against the seller the burdens of ownership after the purchaser had become entitled to all the benefits including the receipt of dividends. Whether under the facts the liability of the seller continued, as between him and the creditors, is a different matter not necessary to be considered; for, in any event, the purchaser, who alone is sued, is not concerned with that question.

That the actual owner of the stock may be held for the assessment although his name does not appear upon the transfer books of the bank, is well settled. *Ohio Valley National Bank* v. *Hulitt,* 204 U. S. 162, 167, 168; *Davis* v. *Stevens,* 17 Blatchf. 259, s. c. 7 Fed. Cas. 177, 178; *Case* v. *Small,* 10 Fed. 722, 724; *Houghton* v. *Hubbell,* 91 Fed. 453.

The real question is whether the intent of Richardson to buy the stock for his minor children, and the fact that by his direction the transfer was made to them upon the books of the bank and certificates issued in their names, had the effect of relieving Richardson from liability. We think not, since the transferees, being minors, were without legal capacity to assume the obligation. Upon coming of age they would have an election either to affirm or avoid the entire transaction. In the meantime, the transfer of the stock having resulted to their disadvantage, the law will avoid it for them, thus leaving the liability of Richardson for assessments unaffected. See *Aldrich* v. *Bingham,* 131 Fed. 363; *Foster* v. *Chase, Foster* v. *Wilson,* 75 Fed. 797.

In *Foster* v. *Chase, supra,* the father bought stock in the names of his minor children, and suit was brought against him for the amount of an assessment. Disposing of the point here presented the court well said:

" The plaintiff claims that the defendant made himself liable for the assessment because of the incapacity of his children to take the stock and make themselves liable for it. He insists that they only are the shareholders, and liable, if any one is. Assent is necessary to becoming a shareholder, subject to this liability, in a national bank. *Keyser* v. *Hitz,* 133 U. S. 138, 10 Sup. Ct. 290. Minors do not seem to have anywhere the necessary legal capacity for that. The principles upon which this disability rests are elementary and universal. 1 Bl.

Comm. 492; 2 Kent, Comm. 233. In buying and paying for this stock, and having it placed on the books of the bank, the defendant acted for himself; in having it placed there in the names of his children, as with their assent, he assumed to act for them. As they could not themselves so assent as to be bound to the liabilities of a shareholder, they could not so authorize him to assent for them as to bind them. To the extent that they could not be bound he acted without legal authority, and bound only himself. Story, Ag. § 280."

There is no merit in the point, made in argument, that Richardson was a trustee for the minors, even if that would enable him to avoid personal liability, *Johnson* v. *Laflin*, 5 Dillon 65, 82; and there is nothing certified by the court below which furnishes a basis for the suggestion. Richardson, having bought with his own money, became the owner of the stock. And although the purchase was made with the intent of giving the stock to his children, *non constat* that he would not change his mind, as he was perfectly free to do. The new certificates simply were issued and registered in the names of the children, and this, if effective, would have resulted only in consummating an ordinary gift. It no more created a trust than if the donees had been persons *sui juris*. The question must be answered in the affirmative.

*It is so ordered.*