## FAGAN v. DUNN et al.
### No. 6951.

Circuit Court of Appeals, Fifth Circuit.

Feb. 21, 1934.

Donald C. McMullen and D. Frederick McMullen, both of Tampa, Fla., for appellant.

John B. Sutton, of Tampa, Fla., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The receiver of a failed national bank brought this action against Joe B. Johnson to recover the amount of an assessment made by the Comptroller of the Currency against the shareholders of that bank, a certificate for twenty shares of the capital stock of which stood in the name of "Joe B. Johnson doing business as Wholesale Auto Supply House." After each of the parties had moved the court to direct a verdict in his favor, the court directed a verdict for the defendant.

Evidence showed the following: Joe B. Johnson was the owner of a business which was operated under the name "Wholesale Auto Supply House" by J. L. Stevens as manager. After judgment had been recovered against H. B. Rainey on a debt he owed to Wholesale Auto Supply House, Rainey talked with Johnson about securing a year's extension on that judgment by assigning twenty shares of the stock of said bank which were owned by Rainey. Johnson knew nothing about the matter and sent Rainey to Stevens. After it had been agreed between Rainey on one side and Stevens, C. B. Witt Company, and I. W. Phillips Company, on the other side, Rainey being also indebted to the two companies mentioned, that Rainey would assign his said stock as security for the debts he owed to the three parties named, Rainey assigned the certificate for his stock to "Joe B. Johnson doing business as Wholesale Auto Supply House." Thereafter Stevens surrendered that certificate, and received another certificate for twenty shares of stock issued in the name of "Joe B. Johnson doing business as Wholesale Auto Supply House." Johnson was not consulted about the last-mentioned transaction, and prior to the time the bank closed did not know that a certificate for its stock had been issued in his name.

If Johnson had consented to or acquiesced in the just mentioned transaction he might have subjected himself to the liability asserted, though the stock so transferred was to be held as security for a debt or debts of the transferor. Pullman v. Upton, 96 U. S. 328, 24 L. Ed. 818; Pauly v. State Loan & Trust Co., 165 U. S. 606, 17 S. Ct. 465, 41 L. Ed. 844. Such consent or acquiescence was not shown. Though a result of Johnson's conduct was to empower Stevens to act generally with reference to the business of Wholesale Auto Supply House, including the collection of, or the acceptance of security for, debts owing thereto, the authority conferred on Stevens to act for and bind Johnson did not include authority to bind Johnson by the acceptance of a certificate issued in his name for corporate stock which was to be held as security, not only for a debt or debts owing to Wholesale Auto Supply House, but also for debts owing to other parties. If the transaction as it occurred was binding on Johnson, an effect of it was to make Johnson personally liable for assessments made on stock which, without his knowledge, consent, or acquiescence, was transferred as security, not only for the judgment recovered by Johnson, but for debts owing by the transferor to other parties. Johnson did not consent to or acquiesce in a transaction having such an effect or result. He did not consent to subject himself to a liability for the benefit of others as well as himself. It seems that a consequence of that transaction not being

binding on Johnson was that the actual owner of the stock represented by the last-issued certificate, the transferor, remained liable for assessments on the stock represented thereby; the transfer having been made to secure debts owing by the transferor. Early v. Richardson, 280 U. S. 496, 50 S. Ct. 176, 74 L. Ed. 575, 69 A. L. R. 658. However that may be, Johnson was not subjected to liability by a transaction which he did not, expressly or impliedly, authorize, consent to, or acquiesce in. The above-mentioned ruling was not erroneous.

The judgment is affirmed.