## ERICSON v. SLOMER.
### No. 6382.

Circuit Court of Appeals, Seventh Circuit.
Feb. 9, 1938.

Frederic O. Mason, Robert W. Wales, and William Simon, all of Chicago, Ill., for appellant.

Frank T. O'Brien and Jacob Logan Fox, both of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges and LINDLEY, District Judge.

MAJOR, Circuit Judge.

An action at law was instituted in the District Court by appellant to recover the statutory liability attached to 176 shares of the capital stock of the Waukegan National Bank as assessed by the Comptroller of the Currency.

Joseph Warren Slomer, the record holder of the shares of stock in question, and Joseph Slomer, his father and appellee, the real or actual owner of said shares, were made parties defendants. The shares of stock were originally held by Margaret Slomer, mother of the first named defendant and wife of the latter until her death, and shortly thereafter, on December 24, 1930, were duly transferred on the records of the bank to Joseph Warren Slomer.

The cause was tried by the court without a jury, and by a stipulation of the parties the District Court entered an order that the cause proceed under the Civil Practice Act of the State of Illinois, Smith-Hurd Ill.Stats. c. 110, § 125, et seq.

What is referred to as the amended complaint was filed September 8, 1936, and consisted of two counts. In the first count, Joseph Warren Slomer was alleged to be the owner of record of the shares of stock in controversy and in the second count, a similar allegation is made, but in addition thereto, it is alleged that Joseph Warren Slomer holds the said stock as the agent or in trust for Joseph Slomer, as executor of the estate of Margaret Slomer, deceased. In the first count, judgment is prayed against Joseph Warren Slomer, and in the second count against Joseph Slomer, individually, or as executor of the estate of Margaret Slomer, deceased. Appropriate answer was filed to this complaint and a trial had on the issues thus made. On May 19, 1937, a second amended complaint was filed consisting of two counts; the first count, as in the previous complaint alleging Joseph Warren Slomer to be the record owner of the stock and the second count alleging Joseph Slomer to be the actual owner, although the stock appeared on the records of the bank in the name of Joseph Warren Slomer. It is not alleged in this count that the latter owned this stock as executor, and judgment is prayed against him individually. On the same day this amended complaint was filed the District Court found the issues against the defendant, Joseph Warren Slomer and in favor of Joseph Slomer, entering judgment accordingly as to each defendant.

On June 15, 1937, motion to dismiss the second amended complaint was filed. In support of said motion was filed an affidavit of counsel in which is set forth the unsatisfied judgment of May 19, 1937, against Joseph Warren Slomer from which no appeal had been taken and also the judgment on the same date in favor of Joseph Slomer as a bar to any further proceedings against Joseph Slomer.

The court sustained the motion to dismiss the cause of action stated in the second amended complaint as to Joseph Slomer, holding the judgment theretofore rendered against Joseph Warren Slomer a bar to further proceedings. The appeal was taken from this order of dismissal. Appellee takes the position that the judgments of May 19th were final, and not having been appealed from, the second amended complaint filed thereafter stating substantially the same cause of action as to Joseph Slomer was properly dismissed as a matter of course. The error in this position is found in the premise upon which it is based. While the record is somewhat confusing, a study of the same convinces us that the second amended complaint was filed prior to the entry of the judgments. True it is, the second amended complaint and the judgment were entered on the same day. There was, however, an order of court, also entered the same day, which recited, among other things: First, leave was given the plaintiff to file instanter his second amended complaint; second, motions for a new trial made by both parties were overruled; and, third, exceptions were noted by the respective attorneys and each entered motions in arrest of judgment which were overruled by the court.

The record further discloses that afterwards, but on the same day, the judgments heretofore referred to were entered. While the record does not disclose, it seems apparent that the trial court had previously announced its decision as to how the issues were to be decided and that

on the day mentioned and before either the entry of judgment or the argument on the motion for a new trial, the second amended complaint was filed with the sanction of the court.

By virtue of section 46 of the Civil Practice Act of Illinois, Smith-Hurd Ill. Stats. c. 110, § 170, there seems to be no question but what the court was possessed of the authority to permit the filing of the second amended complaint at any time before judgment was entered; in fact, paragraph (3) of said section, Smith-Hurd Ill.Stats. c. 110, § 170, par (3), seems to indicate that such an amended complaint might have been filed even after judgment. The question which promptly presents itself is whether the cause of action, as stated in the second amended complaint, was the one upon which judgment was entered regardless of the fact that the trial had been had upon an issue raised by other pleadings in which the cause of action, especially as to Joseph Slomer, was somewhat different than that stated in the latest complaint. We think it must be held that the second amended complaint entirely superseded all previous pleadings and rendered them of no effect whatever. This conclusion finds support in Wright v. Risser, 290 Ill.App. 576, 8 N.E.2d 966, where a rather similar situation was presented arising under the Illinois Civil Practice Act. There the court 290 Ill.App. 576, on page 581, 8 N.E.2d 966, 968, said:

"The third amended complaint was complete in itself and does not refer to or adopt any portion of either the. original complaint or the first or second amended complaints. 'An amendment which is complete in itself and does not refer to, or adopt, the prior pleading, supersedes it and the original pleading ceases to be a part of the record, being in effect abandoned, or withdrawn, and become functus officio, with the result that the subsequent proceedings in the case are to be regarded as based upon the amended pleading, which will not be aided by anything in the prior pleading, and any ruling of the court with relation to the sufficiency of the original pleading is not properly in the record.' 49 C.J. 558, § 773."

We, therefore, have a situation where judgments were entered upon this second amended complaint with no answers or other pleadings filed by the defendants. Later, the motion to dismiss was filed as heretofore related and the complaint dismissed as to Joseph Slomer. The motion to dismiss was denied as to Joseph Warren Slomer and no appeal having been taken, the same is, no doubt, final and res adjudicata as to him. It seems, however, when the second amended complaint was dismissed as to Joseph Slomer that this was the equivalent of a vacation of the judgment which had theretofore been entered in his favor. As a matter of fact, it seems to us the court should have, of its own motion, vacated the judgment when the party in whose favor it was entered, came subsequently in an attack on the sufficiency of the complaint upon which the judgment was rendered. In any event, appellee is in no position to rely upon the finality of such a judgment.

We are of the opinion that the order of June 15, 1937, dismissing the cause of action as to Joseph Slomer was properly appealed from and squarely presents the following question: After the entry of a judgment against the registered owner of shares of stock in an insolvent national bank upon the statutory liability, may the receiver of the bank prosecute another action against the actual owner of the same shares?

Notwithstanding other questions discussed in the briefs submitted, we shall attempt to confine ourselves to that which is pertinent only to an answer to the above query.

The liability here sought to be imposed is created by title 12, § 64, U.S.C.A. The courts have frequently held that the record holder of shares of stock in a national bank is liable for the statutory assessment, even though he be not the actual owner of the stock. Keyser v. Hitz, 133 U.S. 138, 10 S.Ct. 290, 33 L.Ed. 531; Kenyon v. Fowler, 2 Cir., 155 F. 107; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Barbour et al. v. Thomas et al., 6 Cir., 86 F. 2d '510. It has been held with even greater certainty that the actual owner of shares of national bank stock is liable for that assessment even though the shares be registered in the name of another. Ohio Valley National Bank v. Hulitt, 204 U. S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L. Ed. 575, 69 A.L.R. 658. Counsel for appellee do not question the law as established in these cases, but insist that it does

not follow as a matter of course that both the registered and actual owner are liable to respond to separate and individual judgments; conceding appellant might obtain a judgment against either, but denying his right to a judgment against both.

The parties both rely upon Continental National Bank & Trust Company v. O'-Neil, 7 Cir., 82 F.2d 650, decided by this court in 1936, as sustaining their positions. While the factual situation is different from that presented here, that case undoubtedly is authority for the proposition that the receiver of a national bank may consistently maintain an action at the same time against both the record owner and the actual owner to recover the liability imposed upon national bank stock. Suit was there brought in the District Court of California against the real owner of the shares and about the same time a suit was instituted in this jurisdiction 'against the bank as trustee and record owner. Appellee undertakes to distinguish this case from the case at bar on the theory that the suit against the bank, as trustee, was prosecuted under section 66 of the National Bank Act, 12 U.S.C. A., while the California suit was prosecuted under section 64. We are unable to make such distinction. Section 66, as we understand it, does not create any additional liability to that provided by section 64. If anything, it limits such liability by exempting from personal liability, executors, administrators, guardians, or trustees who are holders of such stock and provides a remedy for the recovery of the liability when the stock is so held. Forrest v. Jack, Receiver, supra. Nor do we think there is any distinction to be made because in that case suits were brought in different jurisdictions, while in the instant case, both parties were sued in the same court and in the same action. This was permissible under the Illinois Practice Act, and it would seem to follow that the parties would be in no different situation than if they had been charged in separate actions.

█ The court cites and quotes from the cases here relied on by appellee and reaches the conclusion that they are not controlling. It was decided that the suit in Illinois against the record holder of the stock could be maintained and that the former suit in California against the actual owner did not constitute an estoppel. It is pointed out, however, that the suit

here was instituted before judgment was rendered in the California court and states "the more important question is not whether there is an estoppel by judgment, but whether there is an estoppel by reason of pleadings and choice of defendant." While furnishing us some light, we do not regard this as conclusive on the question as to whether a judgment against the record owner constitutes a bar as to the actual owner. This statement by the court is pertinent to the present question "there can be no estoppel by judgment unless there is identity of parties in the two suits." Bigelow v. Old Dominion Copper Company, 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875, is cited in support of this statement. Appellee professes to find support for his position in the Bigelow Case. We do not so regard it. On the contrary, the court there uses language inconsistent with the position which appellee here seeks to maintain. On page 127 of 225 U.S., 32 S.Ct. 641, 642, 56 L.Ed. 1009, Ann.Cas.1913E, 875, it is said:

"The right of action against both might have been extinguished by a settlement with one, or by a judgment against one, and satisfaction. But the claim has come in substance to this: that although the plaintiff had a remedy against Lewisohn and Bigelow severally or jointly, a failure to recover in an action against one is a bar to his action against the other, the facts being the same, although there has been no satisfaction for the injury done. The only basis upon which such a result can be asserted is that Bigelow would have been bound by the judgment if it had been adverse to Lewisohn, and may therefore shelter himself behind it, since it was favorable to his joint wrongdoer.

"It is a principle of general elementary law that the estoppel of a judgment must be mutual."

In the instant case, the fact that the record owner and the actual owner were joined in the same suit, the liability against one being alleged in one count of the complaint and the liability against the other being alleged in another count of the complaint does not place the parties in a situation different from what they would have been had there been two separate and distinct causes either in the same or different jurisdictions. It seems from the language last quoted that the judgment against Joseph Warren Slomer could only

act as an estoppel against Joseph Slomer in case the judgment was satisfied.

Of the cases relied on by appellant, that of Chapman v. Pettus et al., 269 S. W. 268, decided by the Court of Civil Appeals of Texas, is the nearest in point. The Texas statute, Vernon's Ann.Civ.St. Tex. art. 535, concerning stock liability under which this suit was brought is almost identical with the federal statute. There the stock appeared upon the records of the bank in the name of the wife, while the husband was the actual owner. The trial court rendered judgment against the husband, but in favor of the wife. The appellate tribunal reversed the trial court and held the receiver entitled to a judgment against both the record and actual owner. On page 271 of 269 S.W. the court said:

"We are of the opinion, however, that in cases where a person holds stock apparently as owner but in fact as trustee under a secret agreement with the real owner, as in this case, both the cestui que trust and the trustee are liable, with the right given the latter to require an adjustment of equities arising in the transaction between him and the cestui que trust. Under such rule no injustice may be done any one, for the creditors of the bank will be given an accounting against the very person upon whose responsibility they extended credit, while the trustee is given recourse against the cestui que trust. If the latter is incompetent or insolvent, the trustee may not complain, since he must have known the fact when he concealed his trusteeship and led the creditor to believe that he, and not the insolvent, was the true owner of the stock. We think the authorities warrant this holding, and certainly it seems to be founded upon justice."

We have studied the cases cited and relied upon by appellee. Most of them are not in point. The case, however, of Yardley v. Wilgus, C.C., 56 F. 965, decided in 1893, seems to sustain appellee's position. We are unable to subscribe to the theory of law as therein announced.

It is our conclusion that the receiver of a national bank has a right to proceed against both the record and actual owner of the shares of stock in an attempt to collect the liability thereupon imposed. It seems both logical and reasonable that such procedure should be permissible. Under well-established law, both are liable. As to who shall carry the burden as between them is a matter with which we are not here concerned. Why should the receiver, at his peril, be required to select the one against whom he is to proceed and why should a proceeding against one be a bar to a proceeding against the other? He should not be so required and neither should either of the parties whom the law makes liable be permitted to shield himself from such liability by asserting an unsatisfied judgment has been obtained against the other. To hold otherwise is to lay down the bars so that fraud may be committed upon the creditors of the bank. There can be required only one satisfaction of the stock liability. A judgment against either and a satisfaction, of course, would constitute a bar to a judgment against the other. A partial satisfaction would constitute a bar pro tanto.

We conclude the District Court erroneously allowed appellee's motion to dismiss the second amended complaint so far as it pertained to Joseph Slomer.

The order of dismissal is reversed.