**VANDYKE v. FAVINI et al.**

No. 104.

District Court, M. D. Pennsylvania.

June 30, 1939.

Martin J. Kushmerick, of Scranton, Pa., for plaintiff.

John Memolo, of Scranton, Pa., for defendants.

JOHNSON, District Judge.

This is a motion by plaintiff for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The pleadings consist of a complaint, an answer, requests and counter-requests for the admission of facts under Rule 36, and an answer to plaintiff's request for admissions. It was agreed by counsel for all parties that, under the pleadings and admissions, there is no genuine issue of material fact, and that the court may dispose of the case by summary judgment under Rule 56.

The action is brought by the Receiver of the insolvent Peckville National Bank, to enforce an assessment on 104 shares of the capital stock of the bank under 12 U.S. C.A. § 64, supplemented by 12 U.S.C.A. § 66. The action is against the trustees under the will of John J. Favini, deceased. The essential facts follow:

John J. Favini died on April 8, 1932, leaving a will in which the defendants were named executors. The will was duly probated in the office of the Registrar of Wills of Lackawanna County on April 14, 1932, and letters testamentary were duly issued to the defendants. After provision for the payment of debts, and for the distribution of certain personal property, the will devised and bequeathed the residue of the estate to the defendants, Mary Favini, wife of the testator, and the Scranton-Lackawanna Trust Company, as trustees, and provided for the payment of the income to testator's wife for life, and for certain other uses and trusts at her death.

The stock was owned by the testator at the time of his death, and was inventoried and appraised as part of his estate on June 29, 1932. On March 13, 1933, the executors filed an account in which the stock was included. This account was confirmed nisi by the Orphans' Court of Lackawanna County on March 13, 1933, and was confirmed finally on March 25, 1933. On May 1, 1933, the executors filed a supplemental account which again listed the stock in question as an asset of the estate, and also listed the sum of $52 as a dividend received therefrom.

An order of distribution was made by the Orphans' Court of Lackawanna County on June 2, 1933, by which the residue of the estate valued at $91,574.50, including this stock, was awarded "to Mary Favini and the Scranton-Lackawanna Trust Co., trustees, under the provisions of and for the purposes set forth in the last will and testament of the testator. * * *" This adjudication was confirmed finally on June

14, 1933, when the executors were ordered to distribute the assets of the estate in accordance with the order of distribution of June 2, 1933. This distribution was made, and included the stock in question.

On October 25, 1933, the Comptroller of the Currency found that the Peckville National Bank was insolvent, and subsequently appointed plaintiff the receiver. On August 29, 1934, the Comptroller of the Currency made a 100% assessment upon the shareholders of the bank, payable on or before December 6, 1934, and this suit was instituted by the receivers to enforce the assessment against the 104 shares of bank stock held by the defendants under the will of the testator. The shares in question were never transferred upon the stock books of the bank, and stand in the name of the testator, John J. Favini,. but the certificates came into the possession of the defendants, as executors, and still remain in their possession, as trustees.

Section 64, 12 U.S.C.A., provides, inter alia: "The stockholders of every national banking. association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock."

Section 66 of the same title provides: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

■ Under Section 64, all "shareholders" are liable for assessment upon their shares, and the general rule is that the person in whose name stock stands on the books of the bank is liable, but the actual owner may be held although the stock has not been registered in his name. Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Early v. Richardson, 280 U.S. 496, 499, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Ohio Valley National Bank v. Hulitt, 204 U.S. 162, 167, 168, 27 S.Ct. 179, 51 L.Ed. 423. This liability dates from the time the assessment is made by the Comptroller of the Currency. Rankin v. Barton, 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163.

■ Section 66 does not relieve trustees from liability for assessments properly made by the Comptroller of the Currency upon national bank stock belonging to a trust estate, but merely provides that the trustees shall not be personally liable. Thomas v. Commonwealth Trust Co., D.C., 2 F.Supp. 654; Cronkleton v. Jones, D.C., 4 F.Supp. 690, affirmed, 8 Cir., 67 F.2d 17, 21; Continental Nat. Bank v. O'Neil, 7 Cir., 82 F.2d 650.

■ In the present case the title to the stock passed to the defendant trustees on June 14, 1933, when the Orphans' Court of Lackawanna County ordered final distribution of the estate of John J. Favini. The trustees became "stockholders" within the meaning of Section 64 at that time, and occupied this same status when the Comptroller of the Currency levied the assessment on August 29, 1934, more than a year later. Thus, under Section 66, the defendant trustees are liable under the assessment to the extent of the funds held by them under the trust.

The defendants rely upon the recent case of Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. This was an action by the receiver of an insolvent national bank to enforce an assessment against a deceased stockholder. The Supreme Court held that. Section 66 imposes no lien against the estate, and that the receiver must pursue the remedy prescribed by the local law for .the collection of claims against the estates of decedents. Defendants contend that under this decision the right of action in the present case is barred because the receiver did not present his claim at the audit of the executors' account, as required by the Pennsylvania Fiduciaries Act of 1917, 20 P.S. 864, and cite Ward v. Integrity Trust Co., D.C., 19 F.Supp. 506.

■■ There is no merit in this contention, because the administration of the Estate of John J. Favini was completed more than a year prior to .the assessment, and there was a valid assignment of the shares to the defendant trustees by the order of final distribution of the estate. In short, the present action is not against the estate . of a deceased shareholder, but is against the trustees, as the owners of the stock. Thus, the provisions of the Pennsylvania law with reference to -the presentation and proof of claims against the estate of a decedent have no application. The defendants were "shareholders" within the

meaning of Section 64 when the assessment was made, and are therefore liable, subject to the limitations contained in Section 66.

The plaintiff is entitled to a judgment against defendants, not personally, but as trustees, to be satisfied out of the trust funds in their possession.

And now, June 30, 1939, it is ordered that judgment be and hereby is entered in favor of the plaintiff, and against the defendants in the sum of $2,600, with interest thereon from December 6, 1934, at the rate of 6%, per annum.