**FAVINI et al. v. VAN DYKE et al.**

No. 7178.

Circuit Court of Appeals, Third Circuit.

May 13, 1940.

Benjamin Weinstein and John Memolo, both of Scranton, Pa., for appellants.

Martin J. Kushmerick, of Scranton, Pa., for appellees.

Before MARIS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

This appeal concerns the liability of a trust estate for an assessment on national bank shares which constituted a part of the trust res but had never been transferred on the books of the bank from the name of the deceased settlor whose estate had been completely administered and distributed prior to the declared insolvency of the bank and the levy of the assessment.

The material facts appear by the admissions of record obtained upon formal requests made pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c.

Among the assets of the estate of John J. Favini, who died testate on April 8, 1932, were 104 shares of the capital stock of the Peckville National Bank, par value $25 each, which were registered on the books of the bank in the name of Favini. By his will, the decedent appointed his wife and the Scranton Lackawanna Trust Company as executors and also devised and bequeathed to them his entire net estate in trust for the purposes specified in his will.

The executors filed an account of their administration of the decedent's estate on March 13, 1933, which was confirmed absolutely by the Orphans' Court of Lackawanna County, Pennsylvania, on March 25, 1933; and, on May 1, 1933, they filed a supplemental account showing, inter alia, receipts of income among which was the sum of $52 received by them on January 4, 1933, as a dividend on the 104 shares of bank stock. Both the original and supplemental accounts showed the unconverted bank stock at its inventoried value as a part of the balance for distribution. The decedent's will expressly authorized and empowered the executors to distribute, and the trustees to receive from the executors in distribution, assets of the decedent's estate in kind.

Upon petition of the executors for distribution, the Orphans' Court entered a decree on June 2, 1933, wherein there was awarded to the trustees "under the provisions and for the purposes set forth in the last will and testament of the testator" the net assets of the decedent's estate, including the 104 shares of unconverted bank stock. The court further directed the executors to make distribution of the assets of the decedent's estate, as thus awarded, to the persons entitled thereto. No exceptions having been filed to the adjudication of the auditing judge, the decree of distribution was formally confirmed absolutely by the Orphans' Court on June 14, 1933. Distribution of the decedent's estate was thereupon made by the executors in accordance with the decree, the trustees receiving and accepting the net assets of the estate including the bank shares which have since been in the possession of the trustees as a part of the trust estate. The trustees, however, took no action to have the bank shares transferred to their names and, accordingly, the shares continued to stand on the books of the bank in the name of the decedent as the owner.

By action of the Comptroller of the Currency the bank was declared insolvent on October 25, 1933, and a receiver for its liquidation was then appointed. On August 29, 1934, the Comptroller levied an assessment upon the stockholders of the bank to the extent of 100% of the par value of its capital stock.

Upon motion of the plaintiff, under Rule 56 of the Federal Rules of Civil Procedure, for judgment on the pleadings and the admissions of record, the court below entered judgment in favor of the plaintiff receiver and against the defendant trustees for the amount of the assessment on the Favini stock with interest thereon from the due date of the assessment. From that judgment the trustees took the present appeal.

■ The assessment which the appellee seeks to recover from the trustees of the Favini estate was levied by the Comptroller pursuant to 38 Stat. 273 c. 6, § 23, 12 U.S.C.A. § 64, which provides in part that "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock". While relief from personal liability for assessment upon national bank shares is extended by Revised Statutes § 5152, 12 U.S.C. § 66, 12 U.S.C.A. § 66, to persons holding stock as "executors, administrators, guardians, or trustees", the latter provision also recognizes and confirms that the estates and funds in the hands of such fiduciaries are liable for the assessment "in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name". See Pufahl v. Estate of Parks, 299 U.S. 217, 223, 57 S.Ct. 151, 81 L.Ed. 133.

■ Under the established facts, it cannot be questioned that the trustees of the Favini estate were the rightful owners of Favini's stock in the Peckville National Bank at the time the liability for the assessment under the statute became absolute. By appropriate and legally effective action, induced by the executors' petition for distribution and acquiesced in by the trustees under competent authority from the decedent's will, the Orphans' Court of Lackawanna County awarded and decreed the stock in kind to the trustees to whom the executors made delivery thereof and by whom the stock was received and accepted as a part of the trust estate, all prior to the declaration of the bank's insolvency and the levy of the assessment.

The actual ownership of the stock at the time of the assessment spelled the trustees' liability under the statute. Pauly v. State Loan & Trust Company, 165 U.S. 606, 619, 17 S.Ct. 465, 41 L.Ed. 844. The real and beneficial owners are liable for the assessment upon national bank shares, notwithstanding that their names never appear

as the registered owners thereof upon the books of the bank. Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Early v. Richardson, 280 U.S. 496, 499, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Ohio Valley National Bank v. Hulitt, 204 U.S. 162, 170, 27 S.Ct. 179, 51 L.Ed. 423. Nor are the forms of the transaction attending the acquisition of the stock permitted to obscure or conceal who is the real and beneficial owner. Laurent v. Anderson, 6 Cir., 70 F.2d 819, 823. The fact that the shares continued to stand upon the books of the bank in the name of Favini is of no significance so far as the trustees' liability for the assessment is concerned. Faircloth v. McClister, 3 Cir., 91 F.2d 683, 687.

The instant case does not present an attempt by the receiver to enforce a decedent's liability for stock assessment on national bank shares after the complete distribution of his estate as in the case of Hart v. Burke et al., 3 Cir., 108 F.2d 82.

The trustees were the actual owners of the stock at the time the liability for the assessment became absolute. Hence, their responsibility for the assessment attached accordingly.

The judgment of the District Court is affirmed.