**BARNES v. REED.**

No. 7300.

Circuit Court of Appeals, Third Circuit.

June 11, 1940.

James Francis Ryan, of Philadelphia, Pa., for appellant.

Joseph B. Quinn and Thomas J. Minnick, Jr., both of Philadelphia, Pa., for appellee.

Before BIGGS, CLARK, and BUFFINGTON, Circuit Judges.

BIGGS, Circuit Judge.

The appellee, receiver of Commercial National Bank of Philadelphia, sued the appellant, Barnes, to recover a stock assessment based upon the appellant's ownership of 76 shares of the capital stock of the Bank within sixty days before the date upon which the Bank closed. The appellant filed an affidavit of defense. A motion for judgment was made and judgment was given for the appellee for the full sum sought. The appeal at bar is from that judgment.

The following facts appear from the statement of claim and the affidavit of defense: The appellant is a broker and auctioneer dealing in stocks and securities. He was aware that there was an open offer upon the part of the president of the Bank to purchase stock of the Bank when it was offered. The appellant purchased 76 shares of the stock of the Bank as he states in his affidavit of defense "in contemplation of that * * * offer". He further alleges in the affidavit that he did not purchase the stock as an investment or for the purpose of ownership "but only in the furtherance of his business as a broker and dealer in such stocks and securities and that he immediately thereafter sold the stock [to the president of the Bank] in the same capacity as broker and dealer."

The issue presented is a very narrow one. We think it is apparent from the record that when the appellant bought the 76 shares of the stock of the Bank he bought them for his own account. It does not appear that he had or gave any commitment to deliver the stock he purchased to the president of the Bank. The appellant was at liberty to sell the stock to the president in accordance with the latter's open offer or if some other prospective purchaser offered a higher price he was at liberty to sell the stock to that purchaser. In short, the appellant was the absolute owner of the stock within the period specified by the statute. Act of Dec. 23, 1913, c. 6, Sec. 23, 38 Stat. 273, 12 U.S.C.A. §§ 63, 64. See Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Ward v. Simon et al., D.C., 23 F.Supp. 117. While it is true that a broker who purchases stock with a binding commitment to deliver it to a client has the status of a pledgee of the stock, even though the broker use his own money for the purchase, Richardson, Trustee v. Shaw, 209 U.S. 365, 28 S.Ct. 512, 52 L.Ed. 835, 14 Ann.Cas. 981, such is not the case where a broker purchases stock for his own account without obligation to transfer it to the account of a client. It follows that the appellant is liable for the assessment.

Accordingly, the judgment of the court below is affirmed.