**JOSEPH v. BATES et al.**
No. 7990.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1943.

See, also, 23 F.Supp. 837.

Theodore E. Rein and Morton C. Chesler, both of Chicago, Ill., for appellant.

Frank D. Mayer, Donald M. Graham, and Carl Meyer, all of Chicago, Ill., for appellees.

Before EVANS, MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff, receiver of Peoples National Bank & Trust Company, appeals from a judgment of the District Court, discharging defendants from the superadded liability imposed by the Act of Congress, 12 U.S.C.A. § 64, upon stockholders of national banking associations.

In June, 1932, the Comptroller appointed a receiver for the insolvent Peoples bank. At that time slightly more than 78 per cent of the bank's stock belonged to and was registered in the name of National Republic Bancorporation, a holding company owning not only this stock but also similar lots of shares of other banks in the Chicago metropolitan district. In view of the insolvency of Bancorporation in 1933, plaintiff instituted this suit to recover the liability imposed by the statute and assessed by the Comptroller against Bancorporation as a stockholder, pro-rata, from the shareholders of the latter, on the theory that equity, looking behind the corporate organization of the holding company, would ascertain the real or beneficial owners of its stock and assess the liability against them.

Defendants were not stockholders of the Peoples bank. Each of them held certain certificates in Bancorporation as nominee for third parties. None of them had any interest, beneficial or otherwise, in the stock in their names but held it merely for the convenience of the beneficiaries of certain trust estates and other parties.

The question of whether the real or beneficial owners of stock of the holding company are liable is not before us. Our jurisdiction is invoked to procure a decision of whether, even assuming without deciding that, under certain conditions, true shareholders of a holding corporation may be liable upon an assessment for national bank capital shares held by the holding corporation, defendants, holders of certain shares in the holding company in name only and having no interest therein, are liable.

■ One who, though not a real owner, permits shares in a national bank to be registered on the books of the corporation in his name is subjected to the statutory liability. Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Pauly v. State Loan & Trust Co., 165 U.S. 606, 17 S.Ct. 465, 41 L.Ed. 844; Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571. Since the registered holder has held himself out on the registry of the bank as the actual owner, creditors of the bank may rely upon that representation and he is estopped to deny the fact. On the other hand, the court will, when necessary in order to do equity, determine the real owner and subject him to liability. Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Ohio Valley National Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed.

423. Corporate formalities are brushed aside and liability fastened upon both the holder of record and him to whom the shares really belong. It is upon this reasoning that the stockholder of a holding corporation owning stock in a national bank has been held by some courts liable as beneficial owner of the bank stock for an assessment upon it. In so deciding the courts have treated the latter's stockholders as an association of individuals who in equity are to be charged as beneficial owners of the bank stock. Barbour v. Thomas, 6 Cir., 86 F.2d 510; Metropolitan Holding Co. v. Snyder, 8 Cir., 79 F.2d 263, 103 A.L.R. 912.

■ Our question goes far beyond anything announced in the authorities cited. Defendants are neither real nor beneficial stockholders of a national bank but mere nominee stockholders of a holding corporation which in turn owns stock in a national bank,—nominal stockholders, without interest, beneficial or otherwise in the shares of the holding company. They are beyond the class held chargeable in the decisions subjecting true beneficial owners of stock in a holding corporation to liability for assessment upon national bank stock owned by that holding corporation. They are in no sense the real or beneficial owners of any stock even in the holding company. They have exercised none of the rights of stockholders, have participated in no wise in the corporate activities and have nothing of value invested in the stock; they are naked nominees for the real parties in interest.

Courts may properly inquire as to the real and beneficial owners of bank stock and having ascertained the fact enforce assessment against them. But they may not, in determining such beneficial or real ownership, ignore the facts negativing ownership and assert liability against one who is neither real nor beneficial owner. To permit recovery under such circumstances is to lose sight of the real basis upon which courts have based liability, namely, ascertainment of real and beneficial ownership. Liability of such beneficial or real owners, whose names do not appear of record on books of national banks, arises by inference from the fact of such beneficial ownership. Only because parties actually own holding company stock, does the law impute to them actual ownership of bank stock. To proceed further and fix liability against one who is not a real or

beneficial owner of stock in the holding corporation is to draw the inference of real ownership from the mere fact of titular ownership without regard to the true facts. This, we think, is not permissible.

Nor has any estoppel been built up against defendants. Their names did not appear upon the books of the bank. Even though they may have appeared upon the books of the Bancorporation, no credit could have been extended to the bank because of that,—so far as the credit of that institution is concerned, defendants were clothed with anonymity. Bancorporation was a private corporation to which its stockholders had access but persons dealing with the Peoples bank did not.

The judgment is affirmed.

EVANS, Circuit Judge (dissenting).

The point of our difference may be clarified and stressed, if we state the propositions upon which we agree. They are:

(a) The "statutory double liability" of national bank stockholders, 12 U.S.C.A. § 64, evidences a long established public policy, the object of which was to protect the depositors of national banks.

(b) This statute has been construed to include stockholders of record who are not the real owners of the bank stock. Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571; Reconstruction Finance Corp. v. Barrett, 7 Cir., 131 F.2d 745, decided Dec. 4, 1942; Keyser v. Hitz, 133 U.S. 138, 10 S.Ct. 290, 33 L.Ed. 531; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Pauly v. State Loan Co., 165 U.S. 606, 17 S.Ct. 465, 41 L.Ed. 844.

" * * * The settled doctrine is that, as a general rule, the legal owner of stock of a national banking association—that is, the one in whose name stock stands on the books of the association—remains liable for an assessment so long as the stock is allowed to stand in his name on the books, and, consequently, although the registered owner may have made a transfer to another person, unless it has been accompanied by a transfer on the books of registry of the association, such registered owner remains liable." Matteson v. Dent, 176 U. S. 521, 530, 20 S.Ct. 419, 423, 44 L.Ed. 571.

(c) It has also been construed to hold actual or real stockholders who were not the stockholders of record. Reconstruction Finance Corp. v. Barrett, 7 Cir., 131 F.2d 745, decided December 4, 1942; Ohio Valley Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Pauly v. State Loan Co., 165 U.S. 606, 17 S.Ct. 465, 41 L.Ed. 844.

(d) The receiver of an insolvent national bank, after a valid assessment has been made, may pursue the stockholder of record, and if the assessment be not collected, or collected only in part, he may then pursue the real holder of the stock for the balance of said assessment and vice versa. Reconstruction Finance Corp. v. Barrett, 7 Cir., 131 F.2d 745, decided Dec. 4, 1942; Ericson v. Slomer, 7 Cir., 94 F.2d 437; Reconstruction Finance Corp. v. Pelts, 7 Cir., 123 F.2d 503; Continental Nat. Bank v. O'Neil, 7 Cir., 82 F.2d 650.

(e) When a holding company which is organized to hold bank stock acquires bank stock and becomes insolvent and is unable to pay the assessment levied against the stockholders of a national bank, courts will go behind the holding company corporate entity to the stockholders of the holding company and enforce this liability against them. 103 A.L.R. 921, Annotation, "Stockholders' statutory liability as affected by fact that stock is in name of a holding company." American Jurisprudence, Vol. VII, p. 76, Sec. 91; Mac Pherson v. Schram, 5 Cir., 112 F.2d 674; Union Guardian Trust Co. v. Schram, 6 Cir., 123 F.2d 579; Metropolitan Holding Co. v. Snyder, 8 Cir., 79 F.2d 263, 103 A. L.R. 912; Anderson v. Abbott, 6 Cir., 127 F.2d 696. The leading case which pioneered in this field is Barbour v. Thomas, 6 Cir., 86 F.2d 510.

(f) The holding company is treated as a screen which is lifted, and its stockholders are fastened with the liability which arises from the ownership of the national bank stock.

Here we reach the point of our divergence. In lifting the screen created by the holding company, and in fastening the national bank stockholder's liability upon the stockholders of said holding company, should we distinguish between a stockholder of record and the actual stockholder of said holding company? Should we release from liability the stockholder of record of the holding company in case he

does not own the stock standing in his name?

The majority opinion accepts the defendants' contention and releases such stockholder of record. It is from this position that I dissent.

While somewhat impressed by the force of the argument that bank stockholder double liability is a hardship, and the act creating it has been repealed after its application in 1931 and 1932 demonstrated the injustices of its enforcement, it is nevertheless impossible to ignore its existence, its purpose, or the finality of the decisions applicable to it.

If we accept the theory that the holding company was but a screen behind which the stockholders hid in an effort to avoid bank stockholder's liability, and if the courts rightfully lift the screen to enforce this statute, it becomes an unsurmountable task to distinguish between the record holder of stock of a national bank and the record holder of the stock of the holding company which was issued upon the transfer to it of the stock of the bank. This liability could not have been avoided save through the interposition of the device of the holding company. Did they get away from that liability through the holding company? No decision squarely supports the affirmative. No court decision squarely sustains the negative.

Defendants assert a difference between the status of the holder of record of the bank stock and holders of record of the stock of a holding company which owns the bank stock, based on the doctrine of estoppel which is predicated upon the fact that said holders of bank stock cause their names to be of record and available to any depositor who might wish to inquire. As the names of the stockholders of the holding company are not thus available, there is no liability as against them. This is their sole avenue of escape.

In reaching our conclusion as to the effect of this distinguishing fact, we must determine two questions: First, is the liability of the bank stockholder of record dependent upon the doctrine of estoppel? Second, is the doctrine of estoppel applicable to a holder of record of a holding company which was created to hold bank stock?

Courts have, when speaking of the reasons for fixing liability on bank stockholders of record, advanced three grounds: contractual, estoppel, and fraudulent.

I do not believe that the estoppel in pais is a sound basis for holding a bank stockholder of record liable for the assessment. For an essential to estoppel in pais is *reliance* by the aggrieved party upon the act or word of the party to be estopped. To establish estoppel in pais there must be reliance.

"No estoppel in pais can be created except by conduct which the person setting up the estoppel has the right to, and does in fact, rely upon. Town of Bloomfield v. Charter Oak Nat. Bank, 121 U.S. 121, 7 S.Ct. 865, 30 L.Ed. 923." 19 Am.Jur. sec. 83, p. 731.

If there can not be an estoppel in pais, we must look to the only other estoppel known to the law, namely, estoppel by deed. In order to make this phase of estoppel apply at all, we must recognize that we are here dealing with an estoppel against a grantee of a deed (or other conveyance) whose appearance as grantee creates a liability on his part.

It is at once apparent that if estoppel by deed applied, it existed as effectually against the holder of stock of a holding company as against the holder of bank stock itself. In both cases there was a background of liability which arose from the ownership of bank stock.

All we need to decide here is that if an estoppel by deed exists, it applies to bank stockholders and to stockholders of the holding company. In both instances, estoppel would be predicated on the court's refusal to recognize a status created to avoid a liability prescribed by Congress, and expressive of a public policy to protect depositors of national banks.

I am convinced that while there is language in the decisions about estoppel as a basis for holding record holders of stock of national banks, these estoppel references are vague and confusing. Obviously and certainly there can be no equitable estoppel or estoppel in pais, without reliance by the depositors. Yet the courts have uniformly held stockholders of record liable without a showing of reliance on their appearance as record stockholders. Liability then must be based on something other than equitable estoppel.

The true basis of the decisions is this: The statute clearly and unqualifiedly fixed a liability on bank stockholders, which was for the benefit of third parties, namely, depositors. That provision could not and should not be avoided by placing the stock

*in the name of another. When another took the stock in his name (to prevent liability on the part of the real owner or for any other purpose), he, along with the real owner, became liable. To effectuate the plain purpose of the statute, this construction was unavoidable.*