**WARD v. SIMON et al.**

No. 18880.

District Court, E. D. Pennsylvania.

April 19, 1938.

Joseph E. Gold, of Philadelphia, Pa., for plaintiff.

Samuel D. Goodis (of Sundheim, Folz & Sundheim), all of Philadelphia, Pa., for original defendants.

James Francis Ryan, of Philadelphia, Pa., for additional defendant Barnes & Lofland.

Thomas W. Maher, of Philadelphia, Pa., for second additional defendant Albert R. Conversano.

DICKINSON, District Judge.

Leave was given to submit briefs which have now been received.

### The Fact Situation.

The case is the ordinary one of an action by the receiver of a closed Bank to enforce an assessment against a stockholder. David E. Simon and his wife were the registered joint owners of 25 shares of the stock of the Northwestern National Bank & Trust Company. It has been ruled for us that the date of the failure of the bank is a fact to be found. There are four significant dates: One the early part of March, 1933, when the bank availed itself of the proclaimed bank holiday and closed its doors to the transaction of the ordinary business of a bank, but was permitted to do business on what is known as a restricted basis; the second date is March 14, 1933, when the bank was refused the privilege of reopening for an unrestricted business and a conservator was appointed; the third is June 25, 1933, when a receiver was appointed for the bank; and the fourth is September 14, 1934, when the assessment against Simon and his wife was made. To these may be added April 17, 1933, when Simon and wife sold their stock to Barnes & Lofland, who, in turn, in a few days, sold it to Arthur R. Conversano. These sales were effected in the usual form of an indorsed assignment of the stock and delivery of the indorsed certificate. Neither assignment was registered on the books of the bank. Barnes & Lofland, however, made demand on the bank for registration in the name of the assignee. Such registration was refused by the bank for the reason that the bank was then closed and control of its affairs had been taken over by the conservator.

It may be interpolated here that these assignees are solvent, and, if liable for the assessment, it can be collected in full from either of them. The assessment, as we have said, was made September 14, 1934. The present action was September 9, 1935.

The cause of action averred is that Simon and wife were the registered owners of the stock in question on June 25, 1933, which is the only date given. The defendants denied this, averring that they had parted with the ownership on April 17, 1933. The defendants further sued out a writ of scire facias to bring in Barnes & Lofland, their assignee, as additional defendant. This was put upon the ground that Barnes & Lofland were "liable over to defendants for the cause of action declared on." On September 2, 1936, this writ was amended by setting forth the fact of assignment and demand for its registration on the books of the bank. The additional defendant then caused to be issued a writ of scire facias bringing in Albert R. Conversano, the assignee of Barnes & Lofland, as a third defendant and second additional defendant.

It may be further interpolated here that the original statement of claim was amended so as to aver that the failure of bank was on March 14, 1933, instead of June 25, 1933.

### Discussion.

The questions now to be determined are several. The underlying one is the liability of the defendants to the plaintiff. The general proposition is that a stockholder in a corporation is not responsible for its debts. The liability, if it exists, is one created by statute. 12 U.S.C.A. §§ 63, 64. By the act of Congress, with which this case concerns itself, liability for the debts of a national bank is imposed only on stockholders who were such on "the date of the failure of [the Bank] to meet its obligations."

We make the fact finding that "the date of the failure of the Bank to meet its obligations" was March 14, 1933, and that the original defendants, Simon and his wife, were then stockholders. It follows that liability for its debts was imposed on them by the act of Congress.

As a general proposition of law, it is true that a stockholder of a national bank may escape liability by transferring his stock at any time before the failure of the bank to meet its obligations. This would have put it in the power of a solvent stockholder to evade his responsibility by assigning his stock to a straw man before a failure of which he had become apprehensive. The liability of the stockholder

was extended to cover cases of what was really a fictitious and fraudulent transfer made in anticipation of a failure. To meet the difficulty of proving knowledge and intent, a transfer made within sixty days of the failure of the bank was presumed to have been with such knowledge and intent. All such transfers as affecting the liability of the assignor, are declared to be nullities to be treated as if not made. Real transfers however, although made within the sixty days, are excepted to the extent that the assignor is liable only for such part of the assessment as cannot be collected from the assignee.

■■ The liability of an assignee, neither to his assignor nor to the receiver of the bank arises out of the assignment, but because he has become a stockholder, and when the assignor and assignee are both liable, the primary obligation, as between themselves, rests upon the assignee.

■ The assignment here was after the liability had attached. A liability which is imposed upon a stockholder, who is such at the time the bank failed, cannot, without straining the language of the statute, be extended to one who becomes a stockholder after the failure. The owner of shares of stock in a failed bank does not by an assignment of his stock create any liability of the assignee either to the receiver of the bank or to the assignor of the stock. Nothing short of the agreement of the assignee to assume the obligation of the assignor would make the assignee responsible for the existing obligations of the assignor. These propositions are in accord with a sound policy of the law. It is not every closed bank whose stock is entirely worthless. A stockholder has the right to get any value he can out of it. If, however, his assignee is answerable for the debts of the bank, he could never find a purchaser.

We make the following findings of fact and state the following conclusions of law.

### Findings of Fact.

1. The original defendants were stockholders of the bank when it failed.

2. The bank failed on March 14, 1933.

3. Neither of the additional defendants were stockholders of the bank when it failed.

### Conclusions of Law.

1. Liability for the debts of the bank and to assessment for the payment of such debts is imposed by statute only upon stockholders who were such when the bank failed.

2. Neither of the additional defendants is liable to the receiver of the bank nor to their respective assignors for any assessment on stockholders because of the assignment of stock to them after the failure of the bank.

3. The original defendants are liable for the assessment levied upon them because stockholders of the bank at the time of its failure.

4. Plaintiff has the right to judgment against the original defendants.

5. The additional defendants should have judgment in their favor.

This disposition of the case relieves us of the duty of inquiring into a number of procedural questions.

To give definiteness of date and for other reasons, no judgment is now rendered, but leave is granted to enter judgment in accordance with this opinion.