## ROOT v. BARNES.

### No. 20826.

District Court, E. D. Pennsylvania.
July 29, 1939.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

James Francis Ryan, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a national bank stock assessment suit, brought by the receiver of the bank upon an averment that the defendant was, within sixty days prior to the insolvency of the bank, "the real and actual owner of 76 shares of the capital stock" of the bank. The defendant's responsive averments to this allegation, although commencing with a general denial, set out facts which fully disclose the defendant's connection with the shares of stock in question, and show beyond question that he was in fact the real and actual owner of the shares of stock. No other material allegation of the plaintiff's statement of his cause of action is denied, and the plaintiff's motion for judgment on the pleadings will be granted.

The defendant says flatly that, "under circumstances set forth below, he did on February 8, 1933, purchase from Hamilton Vodges, 76 shares of the capital stock of the Commercial National Bank of Philadelphia and accepted a certificate of stock, drawn in the name of Hamilton Vodges, and endorsed in blank by him." The word "purchase" means acquisition of ownership, and, unless the "circumstances set forth below" show that the word is used in a loose and inaccurate sense to mean merely that the defendant made a contract by which title passes to someone else, the plaintiff's case is admitted. But, in setting forth the circumstances of the transaction, the defendant does not assert that he was acting as agent for another in making the purchase. The circumstances set forth amount to nothing more than that the defendant knew that one C. S. Hand, president of the bank, was in the market for bank stock; that, having purchased the 76 shares in question, the defendant sold them on the same day to Hand; and that he did so "only in the furtherance of his business as broker and dealer in such stock." There is no averment that he was acting as an agent, either for Hand to buy or for Vodges to sell. The fact that the stock was never registered in the defendant's name is, of course, immaterial.

Obviously, the foregoing is not a denial of real and actual ownership, and, in view of the facts pleaded, averments to the effect that he sold the stock in his "capacity as broker and dealer" and that he was not the owner thereof "as investor or for any other purpose than the purchase and sale thereof" are wholly ineffective as denials.

The defendant's argument (based upon the clause of the Act, 12 U.S.C.A. § 64, "to the extent that the subsequent transferee fails to meet such liability") to the effect that an averment in the statement of claim that the transferee has so failed is necessary, is fully met by the rule of this Court, Dickinson, J., in Ward v. Simon, 23 F.Supp. 117. It was there pointed out that a transfer made within 60 days of the failure of the bank is presumed to have been with knowledge that the bank was likely to fail. In such case the financial responsibility of the transferee is immaterial. Stuart v. Hayden, 169 U.S. 1, 18 S.Ct. 274, 42 L.Ed. 639.

Judgment may be entered for the plaintiff.